[No. 22028.   Department Two.   March 3, 1930.]

J. M. MYERS, *Respondent,* v. BEN F. NEWNHAM *et al.,*
*Appellants.*[1]

*F. L. Morgan,* for appellants.
*A. D. Gillies,* for respondent.

FRENCH, J.—The respondent instituted this action in
the superior court of Grays Harbor county, setting
forth in his complaint two causes of action.  By the
first, he sought to recover the balance due on wages
for work and labor performed beginning June 5, 1927,
and ending December 22, 1927, claiming that he worked
straight time and that certain payments had been made

[1]Reported in 285 Pac. 663.

and that there was a balance due. His second cause of action alleged that he was employed on or about the first day of May, 1928, and worked continuously up to and including the 30th day of September, 1928; that certain payments had been made to him and that there was a balance due.

The appellants, by their answer, admitted the employment, admitted that certain work had been performed, and alleged payment in full. On these issues, the case was tried to the court with a jury, verdict rendered for respondent and this appeal follows.

The evidence of the respondent in this case tends to show that he had been employed at a mill owned by the appellants as a watchman, clean-up man, and handy man around the mill. This the appellants admit. Respondent's evidence is that he was employed on straight time and that he worked every day. This the appellants deny, their proof tending to show that respondent was employed on certain days in each of the months and that he was paid for all of the time for which he was employed.

The appellants' first five assignments of error, which have been grouped together by appellants for the purpose of argument, all go to the questions, first, that the evidence clearly establishes that their theory of the case is correct. But the testimony of respondent and respondent's witnesses is strictly contrary to this theory, and there is abundant testimony on his part, in which he is supported by witnesses, tending to show that his employment was for straight time. This presented nothing but a question of fact for the jury, and was one of the questions at issue between the parties.

The second question raised by these assignments of error is that there was testimony admitted tending to show that it was necessary, because of the

open burner of this mill, to maintain a watchman during the so-called fire season. But, as we gather from the record, this testimony was admitted, to some extent at least, without objection, and we think rightfully admitted as tending to show whether or not respondent's story was the more probable. If the situation at this mill was such that it was necessary to employ a watchman all the time in order to protect it from the danger of fire, particularly during the dry season, this would tend to corroborate respondent's story that he was thus employed.

The court instructed the jury touching this phase of the situation, and complaint is made that it was without the issues, but on page 77 of the statement of facts appellant suggested and invited such an instruction, and cannot therefore now complain.

Complaint is made that the court erred in giving instruction No. 6, but no exception was taken to the giving of this instruction, and we will therefore not now consider whether or not it is technically correct.

Exception is taken to the giving of instruction No. 7 and the refusal to give a requested instruction, the theory of appellants in excepting to the instruction given and the refusal to give the requested instruction being that there had been an accord and satisfaction between the parties. The facts, as shown by the record, clearly indicate that, from time to time, certain checks had been given to respondent and that these checks bore the notation "payment in full," or "payment to date." Respondent testified that, on numerous occasions when checks containing this notation were given to him, he protested and was informed that the checks were drawn at the office and that there had been a mistake in putting this notation on them, and that it would be corrected thereafter.

At no time, either in the pleadings or by trial amend-

ment, did appellant tender the issue of accord and satisfaction. The instructions proposed by appellants fail to take into consideration one of the substantial elements of accord and satisfaction, namely, that there must have been a dispute as to the amount due and that the check was paid and received, both parties intending that this should settle and compromise their differences. The only evidence tendered by the appellants is the plea of payment, appellants' theory of the case, as we gather from the testimony, being that respondent had worked a certain number of days and had been paid in full for the days he actually worked.

As we have said, there was no issue of accord and satisfaction stated by either the pleadings or by trial amendment, and the only suggestion of accord and satisfaction made, in so far as we can discover from the record, was by means of a requested instruction which, as we have pointed out, is fatally defective in at least one particular. There is abundant testimony in the record, which, if believed by the jury, supports the verdict.

Our attention has been called to no testimony admitted improperly. Exceptions were taken to but two of the instructions given, but they are not defective in any of the particulars mentioned. Only one requested instruction has been called to our attention, and the requested instruction fails to include one of the essential elements of accord and satisfaction.

The judgment is affirmed.

MITCHELL, C. J., FULLERTON, MAIN, and HOLCOMB, JJ., concur.